**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 8 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTWAN DONYELL HAMPTON,

Defendant-Appellant.

No. 03-5167

Northern District of Oklahoma

(D.C. No. 02-CR-176 H)

**ORDER AND JUDGMENT** *

Before **EBEL**, **MURPHY**, and **McCONNELL**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument.

Antwan Donyell Hampton, having previously been convicted of a felony, was convicted of one count of knowingly possessing a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). At sentencing, the district

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

court overruled Mr. Hampton's objection to the enhancement, by two levels, of his offense level for reckless endangerment during flight, pursuant to U.S.S.G. § 3C1.2. This enhancement was based on evidence that while being pursued by police officers and while holding a loaded gun, the defendant tried to force his way into the home of a stranger. The defendant appeals the enhancement, asserting that his conduct did not constitute reckless endangerment during flight. Because the district court did not clearly err in finding that the defendant's conduct constituted reckless endangerment during flight, we affirm the district court's enhancement of the defendant's offense level.

BACKGROUND

On the night of September 27, 2002, Tulsa police officers heard gun shots and shortly thereafter saw the defendant riding away from the vicinity on a bicycle. The officers ordered the defendant to stop, but the defendant ignored them. The officers pursued the defendant who rode into an apartment complex. After crashing on his bicycle, the defendant fled on foot.

A twenty-one-year-old resident of one of the apartments testified at a grand jury hearing that as he was about to leave his apartment, he saw spot lights coming from police cars and heard someone running. The resident got scared and tried to shut his apartment door, but the defendant, who had run up to the door, started pushing against the door apparently in order to enter the apartment. The

resident told his mother and three younger siblings to go upstairs. After struggling for about two minutes against the defendant's efforts to enter the apartment, the resident got tired and let the door open half-way. The resident testified that the defendant then stuck his arm into the apartment and handed the resident a loaded gun. Then, the defendant threw a few empty bullet shells on the apartment floor and tried to flee. He was immediately apprehended by police officers. The police officers testified that they saw the defendant remove the gun from his waistband while he was pushing against the door. The defendant was identified as Antwan Hampton.

Mr. Hampton pled guilty to the charge of knowingly possessing a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Presentence Report recommended that his offense level be enhanced by two levels for reckless endangerment during flight, pursuant to U.S.S.G. § 3C1.2. Mr. Hampton timely objected to this proposed enhancement. The district court overruled his objection. The defendant was sentenced to be placed in the custody of the Bureau of Prisons for fifty-four months followed by three years of supervised release. The district court also imposed a one thousand dollar fine. Mr. Hampton appeals the two-level enhancement of his offense level.

ANALYSIS

Our review of a district court's conclusion that a defendant's conduct constitutes reckless endangerment during flight is for clear error. *United States v. Brown,* 314 F.3d 1216, 1221 (10th Cir. 2003); *United States v. Conley,* 131 F.3d 1387, 1389 (10th Cir. 1997). In addition, "[e]vidence underlying a district court's sentence is reviewed by viewing the evidence, and inferences drawn therefrom, in the light most favorable to the district court's determination." *Conley,* 131 F.3d at 1389; *see United States v. Cruz*, 58 F.3d 550, 553 (10th Cir.1995).

Reckless endangerment during flight is found "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." U.S.S.G. § 3C1.2. The defendant admitted that his behavior was reckless and that he was fleeing from the police officers. However, the defendant argues that his conduct did not create a substantial risk of death or serious bodily injury to others because he just handed the gun to the resident and because the gun had a safety feature.

"Reckless" refers to "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. § 2A1.4, cmt. n.1. Moreover, "the standard of care envisioned by the Guidelines is that of the

reasonable person, not the reasonable fleeing criminal suspect." *Conley*, 131 F.3d at 1389.  In *Brown*, the defendant, while fleeing from the police, discarded his loaded gun where children were likely to find it.  314 F.3d at 1221.  In that case, we held that the defendant's behavior constituted reckless endangerment.  *Id.*

Courts in some jurisdictions have held that mere flight on foot from police officers is not enough to constitute reckless endangerment.  *See, e.g.*, *United States v. Reyes-Oseguera*, 106 F.3d 1481, 1483 (9th Cir. 1997).  However, the defendant in the present case did more than merely flee: while carrying a loaded gun, he rode his bicycle after dark in an apartment complex so fast and recklessly that he crashed.  Moreover, the district court also found that the defendant tried to push his way into an apartment while holding a loaded gun.  As he struggled against the door while holding the loaded gun, the gun could have discharged and injured someone.  The safety feature on the gun does not totally eliminate this risk.  The safety feature prevented the gun from firing without the trigger being pulled, but it did not protect against any accidental pulling of the trigger during the struggle.

Other aspects of the defendant's behavior also contributed to the risk.  The fact that the police officers saw the defendant draw the gun could have led to a shootout.  If shooting had started, it could have resulted in death or serious bodily injury to the officers or bystanders.

We agree with the district court that these risks, taken together, constitute a substantial risk of death or serious bodily injury. The defendant's behavior deviated from the standard of care that a reasonable person would exercise in such a situation. The district court's determination that Antwan Hampton's behavior constituted reckless endangerment was correct, and certainly was not clearly erroneous.

The judgment of the United States District Court for the Northern District of Oklahoma is **AFFIRMED**. Appellee's motion to seal appellee's brief is granted.

Entered for the Court,

Michael W. McConnell
Circuit Judge